UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 09-CR-186

EARNEST LEE,

        Defendant.

---

DECISION AND ORDER DENYING EARNEST LEE'S REQUEST RE REDUCTION IN SENTENCE (DOC. 893) AND DENYING LEE'S MOTION TO RECONSIDER SENTENCE BASED ON THE SUPREME COURT'S DECISION PURSUANT TO § 3582(c) (DOC. 954)

Ernest Lee filed a letter requesting a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on the sentencing guideline amendment lowering the base offense levels applicable to cocaine base offenses. The court forwarded the letter to the Federal Defender's Office for review, and Attorney Daniel W. Stiller filed a letter indicating that his office would be taking no further action. On December 15, 2011, the government responded to Lee's submission stating that the mandatory minimum sentence had not been altered and had not changed since the time of sentencing. More recently, Lee filed a motion to reconsider his sentence based on the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ——,132 S. Ct. 2321 (2012), the Federal Defender's Office declined to take action, and the government opposed the motion. Because no amendment has lowered Lee's applicable guideline range, the letter requesting a reduction in sentence and the motion to reconsider his sentence will be denied.

A district court may reduce a defendant's sentence under § 3582(c)(2) only if an amendment to the guidelines lowers the defendant's guidelines range. *See* U.S.S.G. § 1B1.10(a); *Dillon v. United States*, 130 S. Ct. 2683, 2688–89 (2010). The presentence report determined that Lee's base offense level was 32 because relevant conduct included 756 grams of cocaine base, 7 grams of heroin, 3 grams of ecstasy, and 6.5 ounces of powder cocaine.

However, during the July 12, 2011, sentencing, the government argued that the ratio of crack cocaine to powder cocaine would be treated equally. When the court continued the sentencing hearing on August 24, 2011, the government asked the court to impose a sentence consistent with the 1:1 powder/cocaine base ratio. At that point, the parties agreed that the base offense level was 26 based upon 382.4 kilograms of marijuana. The court adopted this recommendation, and applied the 1:1 powder/cocaine base ratio. With a criminal history category of six, a base offense level of 26 with a three level reduction, Lee had a guideline range of 92 to 115 months. That guideline range remains the same today. Moreover, Lee agreed that he was responsible for at least five kilograms of cocaine, and was subject to a mandatory minimum of ten years. The court sentenced him to the mandatory minimum as required by the law. As such, no amendment reduced his guideline range and there is no relief available under *Dorsey*. Now, therefore,

IT IS ORDERED that Lee's request for sentence reduction is denied.

IT IS ORDERED that Lee's motion to reconsider sentence is denied.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE